Edward J. Wynne   (SBN 165819)
ewynne@wynnelawfirm.com
WYNNE LAW FIRM
80 E. Sir Francis Drake Blvd., Ste. 3G
Larkspur, CA 94939
Telephone    (415) 461-6400
Facsimile    (415) 461-3900

Logan A. Pardell* (to seek admission *pro hac vice*)
lpardell@pkglegal.com
PARDELL, KRUZYK & GIRIBALDO, PLLC
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone (561) 447-8444
Facsimile (877) 453-8003

*Counsel for Plaintiff and the Putative Collective*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH SCOTT, *on behalf of himself and others similarly situated*,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CINTAS CORPORATION and DOES 1 THROUGH 10,<br><br>                    Defendants. | Case No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>1.  **Violations of the Fair Labor Standards Act**<br>2.  **Failure to Pay Overtime Wages**<br>3.  **Failure to Provide Meal Periods**<br>4.  **Failure to Provide Rest Periods**<br>5.  **Failure to Furnish Accurate Itemized Wage Statements**<br>6.  **Failure to Timely Pay Wages**<br>7.  **Failure to Pay All Wages Due Upon Termination**<br>8.  **Unfair Competition**<br><br>**JURY TRIAL DEMANDED** |

Isaiah Scott ("Plaintiff") files this Collective and Class Action Complaint against Defendants Cintas Corporation ("Cintas"), and DOES 1 through 10 (collectively, "Defendants") for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") as well as several California Labor Code provisions ("Labor Code"), including Labor Code §§ 203, 204, 210, 226.7, 510, 512, 558, 226, 1174, as well as California Industrial Welfare Commission Wage Orders ("Wage Order") 4-2001, Cal. Code Regs. Tit. 8, § 11070, on behalf of himself and similarly situated exempt-classified Management Trainees ("MTs"). The following allegations are based on personal knowledge as to Plaintiff's own experiences and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1.      Plaintiff brings this action on behalf of himself and the "Putative Collective," which includes all current and former MTs who worked for Defendants anywhere in the United States from November 8, 2020 to the date of final judgment who opt into this action pursuant to the FLSA.

2.      Plaintiff also brings this action on behalf of himself and the "California Class," which is defined as all current and former MTs who worked for Defendants anywhere in California from November 8, 2019 to the date of final judgment.

3.      Plaintiff also brings this action on behalf of himself and the "California Former Employee Subclass," which is defined as all former MTs who worked for Defendants anywhere in California from November 8, 2019 to the date of final judgment who no longer work for Defendants.[1]

4.      Plaintiff alleges that Defendants failed to: (i) properly classify employees as non-exempt under the FLSA and California law; (ii) pay Plaintiff and members of the Putative Collective and the California Class all overtime wages for hours worked in excess of eight (8) hours a day and/or forty (40) hours a week; (iii) provide Plaintiff and members of the California

---

[1] The California Former Employee Subclass is a subclass of the California Class and as such the California Class includes the California Former Employee Subclass.

Class mandated meal periods; (iv) provide Plaintiff and members of the California Class mandated rest periods; (v) keep required payroll records that accurately show the total hours Plaintiff and members of the California Class worked, as well as the wages that should have been paid; (vi) furnish Plaintiff and members of the California Class with accurate wage statements; (vii) pay Plaintiff and Class members of the California Class all wages owed timely; (viii) pay Plaintiff and members of the California Former Employee Subclass all wages due upon termination; and (ix) comply with the Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 *et seq*. with respect to Plaintiff and members of the California Class.

## **PARTIES**

### *Plaintiff*

5.      Plaintiff was, at all relevant times, an adult individual residing in San Jose, California.

6.      At all relevant times, Plaintiff was employed by Defendants as an MT from approximately October 2020 until approximately January 2022 in Hayward, California, and Pittsburg, California.

7.      During his employment as a MT, Plaintiff regularly worked nine to ten hours, or more, per day, and 45 to 55 hours, or more, per week.

8.      For example, during the week of December 7, 2020, Plaintiff worked approximately 55 hours, if not more.

9.      Plaintiff's written consent to join this action is attached hereto as Exhibit A.

### *Defendants*

10.      Cintas is a corporation, organized and existing under the laws of Washington, with its corporate headquarters in Mason, Ohio.

11.      The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is also legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek

leave of court to amend this Collective and Class Action Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known. As such, Cintas and the DOE Defendants shall be referred to collectively as "Defendants."

12.    Defendants provide a range of products and services to businesses including uniforms, mats, mops, cleaning and restroom supplies, first aid and safety products, fire extinguishers and testing, and safety courses.

13.    Defendants directly or indirectly employ MTs throughout the United States, including California.

14.    At all relevant times, Defendants have and were authorized to conduct business in California.

15.    At all relevant times, Defendants have been employers within the meaning of § 203(d) of the FLSA. 29 U.S.C. § 203(d).

16.    At all relevant times, Defendants have been enterprises within the meaning of § 203(r) of the FLSA. 29 U.S.C. § 203(r).

17.    Defendants are each a "person" under California Business & Professions Code § 17201 and Labor Code § 18.

18.    At all relevant times, Defendants were enterprises engaged in commerce or the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA because Defendants had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

19.    Defendants had, and still have, a gross volume of sales made or business done of not less than $500,000.00.

20.    At all relevant times, Plaintiff and Putative Collective members have been engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

21.    Defendants issued paychecks to Plaintiff and members of the Putative Collective and California Class during their employment.

22.    Defendants applied the same employment policies, practices, and practices to all

MTs, including policies, practices, and procedures with respect to compensation and overtime.

23.     All of the work that Plaintiff and the members of the Putative Collective and California Class performed was either assigned by Defendants or Defendants have been aware of all of the work that Plaintiff and the members of the Putative Collective and California Class performed.

## JURISDICTION AND VENUE

24.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1337.

25.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

26.     This Court has supplemental jurisdiction over the California claims pursuant to 28 U.S.C. § 1367 because they are so closely related to the claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

27.     Defendants are subject to personal jurisdiction in California because they conduct business in California and employ workers, including Plaintiff and other MTs, in California.

28.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Plaintiff worked in this District, Defendant employs members of the Putative Collective and California Class in this District, and a substantial part of the events or omissions giving rise to claims in this Complaint occurred in this District.

## FACTUAL ALLEGATIONS

29.     During the relevant period, Defendants classified Plaintiff and the members of the Putative Collective and California Class as exempt from federal and state overtime pay requirements when Plaintiff and the members of the Putative Collective and California Class worked as MTs.

30.     Defendants' Management Trainee program is an extensive, structured training program designed for college graduates to prepare them for an eventual management role in the company, including a series of rotations in various departments as well as classroom seminars.

31.     As exempt-classified MTs selected for this program, Plaintiff and the members of

the Putative Collective and California Class regularly worked in excess of eight hours per workday and 40 hours per workweek per Defendants' requirements.

32.    Defendants were aware that Plaintiff and the members of the Putative Collective and California Class worked more than eight hours per workday and 40 hours per workweek as exempt-classified MTs, yet Defendants failed to pay Plaintiff and the members of the Putative Collective and California Class overtime compensation for any of the time worked in excess of eight hours in a workday and 40 hours in a workweek.

33.    As MTs, Plaintiff and the members of the Putative Collective and California Class were not primarily responsible for true management functions. To the contrary, Plaintiff and the members of the Putative Collective and California Class spent the vast majority of their workdays completing training tasks and assignments in an effort to eventually be able to perform sales and management job functions following graduation from the MT program.

34.    More than half of the work performed by Plaintiff and the members of the Putative Collective and California Class was non-exempt work such as completing training tasks and assignments.

35.    Plaintiff and the members of the Putative Collective and California Class did not customarily and regularly direct the work of two or more employees. As MTs, Plaintiff's and the members of the Putative Collective's and California Class's trainers and managers directed their work and the work of the employees they worked alongside.

36.    Plaintiff's and the members of the Putative Collective's and California Class's primary duties were not related to the management or general business operations of Defendants.

37.    Plaintiff and the members of the Putative Collective and California Class did not exercise discretion or independent judgment with respect to matters of significance.

38.    Plaintiff and the members of the Putative Collective and California Class were closely supervised by their respective managers and corporate-level employees, and Defendants' policies and procedures defined and circumscribed their work.

39.    During the relevant period, Defendants classified Plaintiff and the members of the Putative Collective and California Class as exempt from federal and state overtime pay

requirements when Plaintiff and the members of the Putative Collective and California Class worked as MTs.

40.    Defendants assigned all of the work that Plaintiff and the members of the Putative Collective and California Class performed, or Defendants were aware of all of the work performed by Plaintiff and the members of the Putative Collective and California Class.

41.    Upon information and belief, Defendants' unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and the Labor Code.

42.    Defendants were aware, or should have been aware, that federal and state wage and hour laws required them to pay Plaintiff and the members of the Putative Collective and California Class overtime compensation for hours worked in excess of eight per workday and 40 per workweek.

43.    Defendants were aware, or should have been aware, that Plaintiff's and the members of the Putative Collective's and California Class's primary duties as MTs were non-exempt in nature, and that these duties did not fall within any overtime exemption under the FLSA and the Labor Code and their respective implementing regulations.

44.    Defendants' failure to pay Plaintiff and the members of the Putative Collective and California Class overtime wages was willful.

45.    Upon information and belief, Defendants did not inquire whether Plaintiff and the members of the Putative Collective and California Class were correctly classified as exempt from the FLSA and the Labor Code.

46.    Defendants failed to provide Plaintiff and the members of the California Class with meal and rest periods in accordance with California law.

47.    Defendants failed to keep accurate payroll records showing the daily hours worked by Plaintiff and the members of the Putative Collective and California Class as well as wages they should have been paid.

48.    Defendants failed to furnish Plaintiff and the members of the California Class with accurate itemized wage statements accurately showing, at a minimum, gross wages, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period as well

as the number of hours corresponding to each hourly rate, in accordance with California law.

49.    Defendants failed to timely pay Plaintiff and the members of the California Class members all wages owed.

50.    Defendants failed to pay Plaintiff and the members of the California Former Employee Subclass when Plaintiff and the members of the California Former Employee Subclass stopped working for Defendants.

51.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

## FLSA COLLECTIVE ALLEGATIONS

52.    Defendants are liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and Putative Collective members.

53.    There are numerous similarly situated current and former MTs (and other employees holding comparable positions, but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to all Putative Collective members pursuant to 29 U.S.C. § 216(b).

54.    Those similarly situated employees are known to Defendants, are readily identifiable and can be located through Defendants' records.

55.    Plaintiff and Putative Collective members, all of whom regularly worked more than 40 hours in a workweek, were or are employed as MTs by Defendants.

56.    Defendants failed to pay Plaintiff and Putative Collective members overtime compensation for the hours they worked over 40 in a workweek.

57.    Defendants failed to keep accurate records of all hours worked by Plaintiff and Putative Collective members.

58.    Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit Plaintiff and Putative Collective members to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked.

59.    Defendants assigned the work that Plaintiff and Putative Collective members have performed or Defendants have been aware of the work they performed.

60.    The work performed by Plaintiff and Putative Collective members constitutes compensable work time under the FLSA and was not preliminary, postliminary, or *de minimus*.

61.    Defendants are aware, or should have been aware, that the FLSA requires them to pay Plaintiff and Putative Collective members an overtime premium for hours worked in excess of 40 hours per workweek.

62.    Defendants intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to Plaintiff and Putative Collective members, which policy, pattern, or practice was authorized, established, promulgated, or ratified by Defendants' corporate headquarters.

63.    This policy, pattern, or practice includes but is not limited to:

a.    willfully failing to record all of the time Plaintiff and Putative Collective members have worked for the benefit of Defendant;

b.    willfully failing to keep accurate time records as required by the FLSA;

c.    willfully failing to credit Plaintiff and Putative Collective members for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

d.    willfully failing to pay Plaintiff and Putative Collective members wages for all hours worked including overtime wages for hours in excess of 40 hours per workweek.

## CALIFORNIA CLASS ALLEGATIONS

64.    **Numerosity**. The putative class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number would be based are within the sole custody and/or control of Defendants, upon information and belief, Defendants have employed over forty MTs in California within the last four years.

65.    **Commonality and Predominance**. Among the proposed class, there is a well-defined community of interest in the questions of law and/or fact involved. Common questions of law and/or fact predominate over questions that affect only individual members of the

California Class. Common questions include, but are not limited to:

      a.     Whether Defendants are the employers of members of the California Class;

      b.     Whether Defendants' uniform classification of all members of the California Class as exempt from overtime violated the Labor Code;

      c.     Whether Defendants owes members of the California Class overtime wages for hours worked greater than forty (40) in a week or eight (8) in a day;

      d.     Whether Defendants failed to keep accurate payroll records of hours worked, meal and rest periods taken, and overtime worked in accordance with California law;

      f.     Whether the wage statements Defendants issued to members of the California Class included all hours worked and/or rates of pay;

      g.     Whether Defendants failed to timely pay Plaintiff and members of the California Class all wages owed;

      h.     Whether Defendants failed to pay Plaintiff and members of the California Former Employee Subclass all wages due upon termination of employment; and

      i.     Whether Defendants' Labor Code violations serve as predicate violations of the UCL.

66.    **Typicality**. Plaintiff's claims are typical of the claims of the members of the California Class as all are similarly affected by Defendants' wrongful conduct, as complained of herein. Plaintiff was subjected to the same violations of his rights under the law and seeks the same types of relief on the same theories and legal grounds as the members of the classes he seeks to represent.

67.    **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of the members of the California Class. Plaintiff's interests are not in conflict with those of the members of the California Class. Plaintiff's counsel is competent and experienced in litigating employment class and collective actions and other complex litigation

matters, including cases involving factual and legal claims similar to those alleged here.

## FIRST CAUSE OF ACTION
### Unpaid Overtime Wages on Behalf of Putative Collective members
### FLSA 29 U.S.C. §§ 201 et seq.

68.    Plaintiff repeats and realleges each and every factual allegation included in paragraphs 1-67.

69.    Plaintiff brings this First Cause of Action on behalf of himself and all Putative Collective members.

70.    Defendants have engaged in a widespread pattern and practice of violating the FLSA.

71.    Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

72.    The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq*. apply to Defendants.

73.    At all relevant times, Plaintiff and Putative Collective members were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

74.    Defendants are each employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

75.    At all relevant times, Plaintiff and Putative Collective members were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

76.    Defendants failed to pay Plaintiff and Putative Collective members the overtime wages to which they were entitled under the FLSA.

77.    Defendants' violations of the FLSA were intentional and willful.

78.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated Putative Collective members.

79.    Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

80.    As a result of Defendants' violations of the FLSA, Plaintiff and all other similarly

situated Putative Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

81.    As a result of Defendants' unlawful acts, Plaintiff and other similarly situated Putative Collective members were deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**Failure to Pay Overtime Wages on Behalf of the members of the California Class
Cal. Labor Code §§ 510, 558, and 1194, and Cal. Code Regs. Tit. 8 § 11040**

82.    Plaintiff repeats and realleges each and every factual allegation included in paragraphs 1-67.

83.    Plaintiff brings this Second Cause of Action on behalf of himself and all members of the California Class.

84.    Labor Code § 510 and Wage Order No. 4-2001 require an employer to compensate a non-exempt employee for all work performed in excess of eight hours per workday or forty hours per workweek, at one and one-half times the employee's regular rate of pay, and double the regular rate of pay for work performed in excess of 12 hours per day.

85.    Plaintiff and members of the California Class are non-exempt employees. Neither of the exemptions to Wage Order 4-2001, Cal. Code Regs. Tit. 8, § 11070 apply.

86.    Defendants misclassified Plaintiff and members of the California Class as exempt employees.

87.    During all relevant times, Defendants required Plaintiff and members of the California Class to work in excess of eight hours per workday and forty hours per workweek. Defendants failed to pay the overtime wages that Plaintiff and members of the California Class earned.

88.    Due to Defendants' Labor Code violations, Plaintiff and members of the California Class are entitled to recover from Defendants unpaid overtime compensation, interest, reasonable attorneys' fees, and costs pursuant to the Labor Code, as well as the relief described in the Prayer

for Relief below.

**THIRD CAUSE OF ACTION**
**Failure to Provide Meal Breaks on Behalf of members of the California Class**
**Cal. Labor Code §§ 226.7, 512, and 1194, and Cal. Code Regs. Tit. 8 § 11040**

89.    Plaintiff repeats and realleges each and every factual allegation included in paragraphs 1-67.

90.    Plaintiff brings this Third Cause of Action on behalf of himself and all members of the California Class.

91.    Labor Code § 512(a) states, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

92.    Wage Order No. 4 states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes." If no meal period is provided, the Wage Order requires the employer to "pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

93.    Labor Code § 226.7 states, "[a]n employer shall not require an employee to work during a meal … period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission." Section 226.7 requires an employer to pay one additional hour of pay at the employee's regular rate if the meal or rest period is not provided.

94.    Plaintiff and members of the California Class are non-exempt employees. Neither of the exemptions to Wage Order 4-2001, Cal. Code Regs. Tit. 8, § 11070 apply.

95.    Defendants misclassified Plaintiff and members of the California Class as exempt employees.

96.    Defendants do not have a policy or practice of providing meal periods to members of the California Class, and Defendants have not paid employees premium pay for missed meal

periods as required by Labor Code §§ 226.7 and 512, and Wage Order No. 4.

97.     As a result of Defendants' unlawful failure to provide meal periods to Plaintiff and members of the California Class, as well as Defendants' failure to pay Plaintiff and members of the California Class an hour of premium pay at the regular rate for each missed meal period, Plaintiff and members of the California Class are entitled to recover one hour of pay at their regular rate of compensation for each workday that a meal period was not provided, plus interest, attorney's fees, and costs, as well as the relief described in the Prayer for Relief below.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Rest Breaks on Behalf of the members of the California Class**
**Cal. Labor Code §§ 226.7 and 1194, and Cal. Code Regs. Tit. 8 § 11040**

98.     Plaintiff repeats and realleges each and every factual allegation included in paragraphs 1-67.

99.     Plaintiff brings this Fourth Cause of Action on behalf of himself and all members of the California Class.

100.     Labor Code § 226.7 states, "[a]n employer shall not require an employee to work during a … rest … period," and "[i]f an employer fails to provide an employee a ... rest ... period … the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the ... rest ... period is not provided."

101.     Wage Order No. 4 states, "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof." The Wage Orders require an employer to "pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

102.     Plaintiff and members of the California Class are non-exempt employees. Neither of the exemptions to Wage Order 4-2001, Cal. Code Regs. Tit. 8, § 11070 apply.

103.     Defendants misclassified Plaintiff and members of the California Class as exempt employees.

104.     Defendants do not have a policy or practice of providing rest periods to members

of the California Class, and Defendants has not paid employees premium pay for missed meal periods as required by Labor Code §§ 226.7 and Wage Order No. 4.

105.    As a result of Defendants' unlawful failure to provide rest periods to Plaintiff and members of the California Class, and Defendants' failure to pay Plaintiff and members of the California Class an hour of premium pay at the regular rate for each day a rest period was not provided, Plaintiff and members of the California Class are entitled to recover one hour of pay at their regular rate of compensation for each workday that a rest period was not provided, plus interest, attorney's fees, and costs, as well as relief described in the Prayer for Relief below.

### FIFTH CAUSE OF ACTION
**Failure to Furnish Accurate Itemized Wage Statements
on Behalf of the members of the California Class
Cal. Labor Code §§ 226. 226.3, 1174, and Cal. Code Regs. Tit. 8 § 11040**

106.    Plaintiff repeats and realleges each and every factual allegation included in paragraphs 1-67.

107.    Plaintiff brings this Fifth Cause of Action on behalf of himself and all members of the California Class.

108.    Labor Code § 226 provides that every employer must furnish each employee with an itemized wage statement that shows the total numbers of hours worked each pay period, gross wages, net wages, all deductions, all applicable hourly rates of pay, the legal name and address of the employer, in addition to other information.

109.    Defendants failed to furnish Plaintiff and members of the California Class itemized wage statements accurately showing, at a minimum, gross wages, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period as well as the number of hours corresponding to each hourly rate.

110.    During all relevant times, Plaintiff and members of the California Class were injured by these failures because, among other things, they were confused about whether they were paid properly and/or they were misinformed about how many total hours they worked during each pay period.

111.    Labor Code § 226(e)(1) states that an employee suffering injury as a result of a

knowing and intentional failure by an employer to provide accurate itemized wage statements is entitled to recover the greater of all actual damages suffered or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000). Additionally, pursuant to Labor Code § 226(h), Plaintiff and members of the California Class are entitled to injunctive relief to ensure Defendants' compliance with Labor Code § 226.

112.    Plaintiff and members of the California Class are entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226(h), as well as the relief described in the Prayer for Relief below.

## SIXTH CAUSE OF ACTION
### Failure to Timely Pay Wages on Behalf of the members of the California Class
### Cal. Labor Code §§ 204, 210

113.    Plaintiff repeats and realleges each and every factual allegation included in paragraphs 1-67.

114.    Plaintiff brings this Sixth Cause of Action on behalf of himself and all members of the California Class.

115.    Under Labor Code § 204, labor performed between the 1st and 15th days of any calendar month will be paid for between the 16th and the 26th of that month, and that labor performed between the 16th and the last day of any calendar month will be paid for between the 1st and the 10th day of the following month. Other payroll periods such as weekly, biweekly (every two weeks), or semimonthly (twice per month), when the earning period is something other than between the 1st and 15th, and 16th and last day of the month, must be paid within seven calendar days of the end of the payroll period within which the wages were earned.

116.    Defendants failed to pay Plaintiff and members of the California Class in a timely manner all of their wages earned, in violation of Cal. Lab. Code § 204.

117.    Plaintiff and members of the California Class are entitled to and seek injunctive relief requiring Defendants to comply with Cal. Lab. Code § 204, and are also entitled to statutory damages under Cal. Lab. Code § 210(a), which provides that persons who fail to pay wages as provided in Section 204 are subject to the following statutory penalties: "(1) For any initial

violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld," as well as the relief described in the Prayer for Relief below.

**SEVENTH CAUSE OF ACTION**
**Failure to Pay All Wages Upon Termination**
**on Behalf of the members of the California Former Employee Subclass**
**Cal. Labor Code §§ 201, 202, 203, and 256**

118.    Plaintiff repeats and realleges each and every factual allegation included in paragraphs 1-67.

119.    Plaintiff brings this Seventh Cause of Action on behalf of himself and all members of the California Former Employee Subclass.

120.    Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

121.    Labor Code § 202 provides that any employee who quits his or her employment is entitled to all wages due within seventy-two (72) hours of notice of his intention to quit, or at the time of quitting if the employee provided seventy-two (72) hours previous notice of his or her intent to quit.

122.    During all relevant times, Defendants knowingly and willfully violated Labor Code §§ 201 and 202 by failing to pay Plaintiff and members of the California Former Employee Subclass all wages owed as alleged herein. Defendants are therefore liable to Plaintiff and members of the California Former Employee Subclass for waiting time penalties as required by Labor Code § 203.

123.    Plaintiff, on behalf of himself and members of the California Former Employee Subclass, requests all wages due as required under the Labor Code §§ 201 and 202, including waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days, as well as the relief described in the Prayer for Relief below.

### EIGHTH CAUSE OF ACTION

**Unfair Competition Law Violation on Behalf of the members of the California Class**
**Cal. Business & Professions Code §§ 17200 *et seq.***

124.    Plaintiff repeats and realleges each and every factual allegation included in paragraphs 1-67.

125.    Plaintiff brings this Eighth Cause of Action on behalf of himself and all members of the California Class.

126.    California Business & Professions Code §§ 17200 et seq. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

127.    Defendants committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code §17200. Defendants' unlawful, unfair, deceptive, and/or fraudulent business practices include, but are not limited to, violating the following laws:

   a.   FLSA, 29 U.S.C. §§ 201 *et seq.*;

   b.   Cal. Lab. Code §§ 201-204;

   c.   Cal. Lab. Code § 1194;

   d.   Cal. Lab. Code § 226;

   e.   Cal. Lab. Code § 1174; and

   f.   Cal. Lab. Code § 510.

128.    Defendant's course of conduct, acts, and practices in violation of the California and Federal laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violated the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

129.    As a result of such unlawful, unfair, and/or fraudulent business practices, Defendants reaped ill-gotten benefits and illegal profits at the expense of Plaintiff and members of the California Class.

130.    Plaintiff, on behalf of himself and members of the California Class, seeks restitution in the amount of the respective unpaid wages earned and due, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a

workweek, or 8 hours in a day, and double the regular rate of pay for work performed in excess of 12 hours per day, attorneys' fees and costs of this action to be paid by Defendants, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194, as well as the relief described in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all Putative Collective members and California Class members, prays for the following relief:

A.      At the earliest possible time, permitting Plaintiff to send notice of this collective action, or the Court issue such notice, informing the Putative Collective members of the nature of this action and of their right to join this lawsuit;

B.      Certifying the collective consisting of Plaintiff and Putative Collective members;

C.      Directing class notice to all members of the California Class;

D.      Certifying this action as a class action pursuant to Rule 23 for the members of the California Class and California Former Employee Subclass;

E.      Designating of Plaintiff as representative of the Putative Collective, California Class, and California Former Employee Subclass, and counsel of record as Class Counsel;

F.      Declaring that Defendants misclassified Plaintiff and all members of the California Class under the Labor Code as exempt from overtime wages;

G.      Awarding the payment of unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

H.      Awarding the payment of unpaid wages, including all overtime compensation and meal and rest period premiums, due under Labor Code §§ 203, 226.7, 510, 512, 1194, to Plaintiff and members of the California Class;

I.      Awarding all damages for Defendants' failure to provide accurate itemized wage statements as allowed under Labor Code § 226 to Plaintiff and members of the California Class;

J.      Awarding statutory penalties for Defendants' failure to pay Plaintiff and members

of the California Former Employee Subclass all wages due upon termination;

K.    Enjoining Defendants from violating the FLSA and California law;

L.    Awarding pre-judgment interest and post-judgment interest, as provided by law;

M.    Awarding attorneys' fees and costs of the action;

N.    Awarding payment of service awards to Plaintiff, in recognition of the services they have rendered, and will continue to render, to the Collective, California Class, and California Former Employee Subclass; and

O.    Awarding such other relief as this Court deems just and proper.

## TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury on all issues so triable.

Dated: November 8, 2023                    **Wynne Law Firm**

By:_____/s/Edward J. Wynne_____
Edward J. Wynne
80 E. Sir Francis Drake Blvd., Suite 3G
Larkspur, CA 94939
Telephone    (415) 461-6400
Facsimile    (415) 461-3900
ewynne@wynnelawfirm.com

**Pardell, Kruzyk & Giribaldo, PLLC**
Logan A. Pardell* (to seek admission *pro hac vice*)
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone    (561) 726-8444
Facsimile    (877) 453-8003
lpardell@pkglegal.com

Counsel for Plaintiff and the Putative Collectives

# EXHIBIT A

## CONSENT TO JOIN FORM

1.     I consent to be a party plaintiff in a lawsuit against Defendant(s), Cintas Corporation and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.     I hereby designate Pardell, Kruzyk & Giribaldo, PLLC, to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.     I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*Isaiah Scott*
Isaiah Scott (May 8, 2023 16:51 PDT)
_____
Signature

Isaiah Scott
_____
Print Name