**DUANE MORRIS LLP**
Gerald L. Maatman (IL 6181016) (*pro hac vice*)
gmaatman@duanemorris.com
Jennifer A. Riley (IL 6272366) (*pro hac vice*)
jariley@duanemorris.com
190 S. LaSalle Street, Suite 3700
Chicago, Illinois  60603
Telephone:     (312) 499-6700
Facsimile:      (312) 499-6701

**DUANE MORRIS LLP**
Shireen Y. Wetmore (SBN 278501)
sywetmore@duanemorris.com
Nathan K. Norimoto (SBN 334835)
nnorimoto@duanemorris.com
Spear Tower, One Market Place, Suite 2200
San Francisco, California  94105-1127
Telephone:     (415) 957-3000
Facsimile:      (415) 957-3001

**DUANE MORRIS LLP**
Nick Baltaxe (SBN 329751)
nbaltaxe@duanemorris.com
865 South Figueroa Street, Suite 3100
Los Angeles, California  90017-5450
Telephone:     (213) 689-7400
Facsimile:      (213) 689-7401

Attorneys for Defendant  CINTAS CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH SCOTT, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CINTAS CORPORATION and DOES 1 through 10,<br><br>Defendants. | Case No. 3:23-CV-05764-JSC<br><br>**DEFENDANT CINTAS CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR STRIKE PLAINTIFF ISAIAH SCOTT'S SECOND AMENDED COMPLAINT**<br><br>Date: April 9, 2024<br>Time: 10:30 a.m. PST<br>Location: Courtroom 08 – 19th Floor<br><br>SAC Filed: January 16, 2024<br>Trial Date: None Set |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT.................................................................................................................... 1

    A. The U.S. Supreme Court's Decision In Bristol-Myers Applies Here And Requires The Court To Decline To Exercise Personal Jurisdiction Over Defendant With Respect To Plaintiff's Nationwide Collective Action Claims ............................................. 1

        1. The Court Should Follow The Reasoning Of Multiple Other Circuits And Courts In This District And Apply BMS ................................................................ 2

        2. This Court Cannot Exercise Pendent Personal Jurisdiction Over Defendant For Claims That Did Not Arise Or Do Not Relate To Its Contacts With This State ....................................................................................................... 6

    B. Plaintiff Has Failed To Allege Facts To Support Any Cause Of Action............................ 8

        1. Plaintiff's Conclusory Allegations Regarding Overtime Payments Fail To Support His FLSA And Overtime Claims ............................................................. 9

        2. Plaintiff's Allegation Regarding A Meal Period And Rest Period Policy Is Still Insufficient ............................................................................................... 10

        3. Plaintiff Has Failed To Adequately Plead A Claim For Inaccurate Wage Statements ............................................................................................... 11

        4. Plaintiff's Claim for Untimely Payment Of Wages Is Not Sufficiently Pled And Cannot Be Derivative Of His Other Claims ................................................... 12

        5. Plaintiff Failed To Allege That Any Supposed Failure To Pay Plaintiff Was Willful ............................................................................................................. 12

        6. Plaintiff's UCL Claim Cannot Be Sufficiently Pled On The Basis Of Plaintiff's Other Claims .................................................................................. 13

        7. Plaintiff's Claims Should Be Dismissed Without Leave to Amend ..................... 13

III. CONCLUSION............................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Action Embroidery Corp v. Atlanta Embroidery, Inc.*
  368 F.3d 1174 (9th Cir. 2004) ................................................................................................. 6-7

*Alvarado v. Amazon.com, Servs. LLC*
  2022 WL 899850 ...........................................................................................................................10

*Barajas v. Blue Diamond Growers Inc.*
  No. 1:20-CV-0679, 2023 WL 2333548 (E.D. Cal. Mar. 2, 2023) ........................................10

*Bellinghausen v. Tractor Supply Co.*
  2014 WL 465907 ............................................................................................................................10

*Bethel v. Bluemercury, Inc.*
  2022 WL 3594575 (S.D.N.Y. Aug. 22, 2022) ..............................................................................6

*Bristol-Myers Squibb Co. v. Superior Court of California*
  137 S. Ct. 1773 (2017)..............................................................................................................1, 4, 7

*Burger King*,
  471 U.S. at 472............................................................................................................................... 4

*Byrd v. Masonite Corp.*
  No. 16-CV-35, 2016 WL 756523 (C.D. Cal. Feb. 25, 2016) ...............................................11

*Canaday v. Anthem Companies, Inc.*
  9 F.4th 392 (6th Cir. 2021) ....................................................................................................... 3-4

*Carlson v. United Natural Foods, Inc.*
  2021 WL 3616786 (W.D. Wash. Aug. 14, 2021) .................................................................. 4-5, 7

*Chavez v. Stellar Management Group VII, LLC*
  2020 WL 4505482 (N.D. Cal. Aug. 5, 2020) ..........................................................................8

*Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*
  911 F.2d 242 (9th Cir. 1990) ....................................................................................................13

*Daimler AG v. Bauman*
  571 U.S. 117 (2014)......................................................................................................................4

*Dawson v. Hitco Carbon Composites, Inc.*
  No. 16-CV-7337, 2017 WL 7806358 (C.D. Cal. May 5, 2017) .........................................11

*De La Torre v. Am. Red Cross*
  No. 13-CV-04302, 2013 WL 5573101 (C.D. Cal. Oct. 9, 2013)........................................12

*Fischer v. Fed. Express Corp.*
  42 F.4th 366 (3d Cir. 2022) ................................................................................................3

*Hall v. W. Ref. Retail, LLC*
  No. 5:19-CV-00855, 2020 WL 3891453 (C.D. Cal. Apr. 24, 2020) ...................................12

*Harrington v. Cracker Barrel Old Country Store, Inc.*
  No. 2:21-cv-00940 (D. Ariz.) ..............................................................................................3

*Hines v. Constellis Integrated Risk Mgmt. Servs.*
  No. 20-CV-6782, 2020 WL 5764400 (C.D. Cal. Sept. 25, 2020) .......................................13

*Jeske v. Maxim Healthcare Servs.*
  No. 11-CV-1838, 2012 WL 78242 (E.D. Cal. Jan. 10, 2012) ............................................12

*Landers v. Quality Communications, Inc.*
  771 F.3d 638 (9th Cir. 2014) ..................................................................................... 1, 8-10

*Lopez v. Wendy's Int'l, Inc.*
  No. 11-CV-275, 2011 WL 6967932 (C.D. Cal. Sept. 19, 2011) ........................................11

*McGhee v. Tesoro Ref. & Mktg. Co. LLC*
  440 F. Supp. 3d 1062 (N.D. Cal. 2020) .............................................................................13

*McKeen-Chaplin v. Franklin Am. Mortg. Co*
  2011 WL 4082543 (N.D. Cal. Sep. 12, 2011) .....................................................................9

*McNutt v. Swift Transp. Co. of Ariz., LLC*
  2020 WL 3819239 (W.D. Wash. July 7, 2020) ...................................................................4

*In Re Packaged Seafood Products Antitrust Litigation*
  338 F. Supp. 3d 1118 (S.D. Cal. Sep. 5, 2018) ....................................................................8

*Perez v. DNC Parks & Resorts at Sequoia*
  2020 WL 4344911 (E.D. Cal. July 29, 2020) ................................................................ 9-10

*Ritenour v. Carrington Mortg. Servs. LLC*
  228 F. Supp. 3d 1025 (C.D. Cal. 2017) .............................................................................13

*Roberts v. Sidwell Air Freight Inc.*
  2022 WL 16949565 (W.D. Wash. Nov. 15, 2022) ..............................................................4

*Schlinsky v. Action Video Prods*
  2010 WL 227910 (S.D. Fla. Jan. 13, 2010) .........................................................................9

*Sloan v. General Motors LLC*
  287 F. Supp. 3d 840 (N.D. Cal. Feb. 7, 2018) .....................................................................8

*Speight v. Laboratory Source, LLC*
  2022 WL 1164415 (E.D.N.C. Apr. 19, 2022) ......................................................................4

*Suarez v. Bank of Am. Corp.*
No. 18-CV-01202, 2018 WL 2431473 (N.D. Cal. May 30, 2018) .......... 10

*Suazo v. Bluemercury, Inc.*
2023 WL 2959997 (N.D. Cal. Apr. 14, 2023) .......... 4-7

*Tan v. GrubHub, Inc.*
171 F. Supp. 3d 998 (N.D. Cal. Mar. 22, 2016) .......... 9

*Vallone v. CJS Sols. Group, LLC*
9 F.4th 861 (8th Cir. 2021) .......... 3

*Wallenstein v. Mondelez International, Inc.*
2023 WL 3102555 (N.D. Cal. Apr. 25, 2023) .......... 7

*Waters v. Day & Zimmerman NPS, Inc.*
23 F.4th 84 (1st Cir. 2022) .......... 5

*Wilkerson v. Walgreens Specialty Pharmacy LLC*
637 F.Supp.3d 718 (D. Ariz. 2022) .......... 4, 6

*Will Co., Ltd. v. Lee*
47 F.4th 917 (9th Cir. 2022) .......... 5

**State Statutes**

Cal. Lab. Code § 203 .......... 12

Cal. Lab. Code § 204 .......... 12

Cal. Lab. Code § 226(a) .......... 11

**Rules**

Fed. R. Civ. P. Rule 4 .......... 5-6

Fed. R. Civ. P. Rule 8 .......... 9

Fed. R. Civ. P. Rule 12 .......... 1

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In Plaintiff Isaiah Scott's ("Plaintiff") Response in Opposition to Defendant Cintas Corporation's ("Defendant" or "Cintas") Motion to Dismiss or Strike his Second Amended Complaint, Plaintiff takes the position opposite of the U.S. Supreme Court in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017) ("*Bristol-Myers*" or "*BMS*"), and argues that *BMS* does not apply to defendants who face collective action lawsuits filed under the FLSA. This Court should reject Plaintiff's faulty reasoning. Instead, the Court should issue a ruling consistent with the reasoning of the U.S. Supreme Court, as well as the Third, Sixth, and Eighth Circuits and other district courts in the Ninth Circuit, that have correctly applied *BMS* and found that courts lacked personal jurisdiction over defendants when the claims at issue did not arise from or relate to their contacts with the forum. Plaintiff's argument that this Court also may exercise "pendent personal jurisdiction" over Defendant for the purpose of adjudicating the claims of employees who worked outside of California is not supported by any relevant case law and should be rejected. Accordingly, this Court should dismiss or strike Plaintiff's nationwide collective action claims under Rules 12(b)(2) or 12(f).

Additionally, each and every cause of action in Plaintiff's Second Amended Complaint fails because Plaintiff has not pled facts sufficient to state a claim. Plaintiff pleads legal standards followed by conclusions but fails to provide facts sufficient to support his claims as required by *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014), and other controlling authority. Plaintiff's arguments that the legal conclusions and minimal factual allegations in his Second Amended Complaint meet the standard set forth in *Landers* and other case law is not persuasive. Plaintiff cannot present any factual allegations to support these claims or he would have done so. As such, the Court should dismiss Plaintiff's Second Amended Complaint with prejudice and without leave to amend.

## II. ARGUMENT

### A. The U.S. Supreme Court's Decision In *Bristol-Myers* Applies Here And Requires The Court To Decline To Exercise Personal Jurisdiction Over Defendant With Respect To Plaintiff's Nationwide Collective Action Claims

While Plaintiff argues that the Court may exercise specific personal jurisdiction over Defendant with respect to claims that arise from or relate to its activities in California (which was never disputed),

Plaintiff primarily argues in his Response that the U.S. Supreme Court's decision in *BMS* does not apply to defendants facing FLSA collective actions. (*See* ECF No. 30 at 2-10.) Specifically, Plaintiff notes that the applicability of *BMS* to such defendants has been left to district courts and that this Court should follow the lead of other district courts that have failed to apply *BMS* in the context of FLSA collective actions. (*Id.* at 7.) Plaintiff relies on the faulty reasoning of those courts, arguing that applying *BMS* to collective action defendants would "splinter most nationwide collective actions, trespass on the expressed intent of Congress, and greatly diminish the efficacy of FLSA collective actions." (*Id.* at 8.) Plaintiff's results-oriented approach is nonsensical. Multiple courts in this Circuit, including courts in this district, as well as Courts of Appeal in the Third Circuit, the Sixth Circuit, and the Eighth Circuit have all rejected with Plaintiff's reasoning in favor of applying the U.S. Supreme Court's jurisprudence, which outlines the parameters for exercising personal jurisdiction over a foreign corporation, irrespective of the substantive law that a plaintiff might claim it violated. Plaintiff asks this Court to divert from such well-established authority as well as from Ninth Circuit precedent. (*Id.* at 9.) Finally, Plaintiff suggests that this Court ignore previous Ninth Circuit precedent and hold that the Fifth Amendment controls personal jurisdiction. (*Id.*)

In the alternative, Plaintiff argues that the Court should use its discretion and assert "pendent personal jurisdiction" over Defendant with respect to his nationwide collective action claims. (*Id.*) Plaintiff, however, fails to point to a single instance where a court in this Circuit exercised "pendent personal jurisdiction" in a context similar to this matter. Indeed, Plaintiff concedes that this District Court already has held that there is "no explicit basis for doing so in federal rules or statutes." (*Id.* at 9-10 n.4.) Plaintiff's argument is not supported by law and should not be considered.

As explained in more detail below, Plaintiff has not met his burden of showing that the Court may exercise personal jurisdiction over Defendant with respect to his nationwide collective action claims. Both of Plaintiff's arguments fail, and the Court should grant Defendant's Motion and dismiss or strike Plaintiff's nationwide collective action claims.

      **1.    The Court Should Follow The Reasoning Of Multiple Other Circuits And Courts In This District And Apply *BMS***

Plaintiff's arguments in his Response focus on three main points. First, Plaintiff argues that

extending the ruling in *BMS* to FLSA claims frustrates congress' intent and would effectively eliminate FLSA claims.  Second, Plaintiff asks this Court to ignore Ninth Circuit precedent and follow the First Circuit's holding that personal jurisdiction is instead controlled by the Fifth Amendment.  Finally, Plaintiff suggests that, even if *BMS* applies to FLSA claims and the Fifth Amendment does not control, this Court can and should exercise pendent personal jurisdiction over the potential out-of-state opt-ins.  None of Plaintiff's illogical arguments should be considered.

In *BMS*, the Supreme Court held that the trial court lacked specific personal jurisdiction over the defendant with respect to the claims of 592 individuals who resided in 33 other states, even though such claims were similar to those alleged by 86 California residents.  *Id.*  The U.S. Supreme Court held that "[t]he mere fact other plaintiffs were prescribed, obtained, and ingested Plavix in California – and allegedly sustained the same injuries as did the nonresidents – does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.*   Since that ruling, even though *BMS* arose in the context of a mass-tort action, multiple Circuit Courts of Appeal and numerous district courts have applied the reasoning followed in *BMS* to other defendants in other actions, including defendants facing FLSA collective action claims.

Specifically, the Third, Sixth, and Eighth Circuit have followed the reasoning in *BMS* and concluded that a court may not exercise specific personal jurisdiction over a defendant with respect to claims that do not arise from or relate to its contact with the state.  *See Fischer v. Fed. Express Corp.*, 42 F.4th 366, 387-88 (3d Cir. 2022); *see also Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 397 (6th Cir. 2021); *Vallone v. CJS Sols. Group, LLC*, 9 F.4th 861, 866 (8th Cir. 2021).  Each of these appellate court followed the U.S. Supreme Court's holding in *BMS* in the context of FLSA collective action claims and rejected the argument that doing so supposedly would "splinter most nationwide collective actions, trespass on the expressed intent of Congress, and greatly diminish the efficacy of FLSA collective actions" as Plaintiff alleges.

While the Ninth Circuit has yet to decide this issue,[1] multiple courts within this Circuit, including this Court, have followed the reasoning adopted by the Third, Sixth, and Eighth Circuits and

---

[1] Defendant notes that the Ninth Circuit will decide on this issue in the near future, as an Arizona federal court certified an interlocutory appeal of a decision certifying a collective in *Harrington v. Cracker Barrel Old Country Store, Inc.*, No. 2:21-cv-00940 (D. Ariz.)

applied the holding of *BMS* to defendants facing FLSA collective actions. *See Suazo v. Bluemercury, Inc.*, 2023 WL 2959997 (N.D. Cal. Apr. 14, 2023); *see also Wilkerson v. Walgreens Specialty Pharmacy LLC*, 637 F.Supp.3d 718 (D. Ariz. 2022); *Roberts v. Sidwell Air Freight Inc.*, 2022 WL 16949565 (W.D. Wash. Nov. 15, 2022); *McNutt v. Swift Transp. Co. of Ariz., LLC*, 2020 WL 3819239 (W.D. Wash. July 7, 2020); *Carlson v. United Natural Foods, Inc.*, 2021 WL 3616786 (W.D. Wash. Aug. 14, 2021).

First, Plaintiff expects this Court to follow faulty reasoning focused primarily on hyperbole and an imagined end of FLSA collective actions. Plaintiff **completely ignores** the concept of general personal jurisdiction, which allows a plaintiff to bring suit over any issue, irrespective of where the claim arose, against a defendant its home states, including in its states of incorporation and principle place of business. As this Court has held, applying the U.S. Supreme Court's ruling in *BMS* to defendants facing FLSA collective actions does not immunize them from nationwide claims but, rather, merely ensures that such claims proceed in a proper forum where the defendant "purposefully availed" itself of the privilege of conducting wide-ranging activities such that it reasonably would have anticipated being haled into court there with respect to the broad scope of activities that Plaintiff seeks to attack. *See Daimler AG v. Bauman*, 571 U.S. 117 (2014) ("If Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which MBUSA's sales are sizable. Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'") (quoting *Burger King*, 471 U.S. at 472)); *see also Canaday*, 9 F. 4th at 400-01 (noting plaintiffs were not without recourse where "employees may file a nationwide collective action under the FLSA so long as they do so in a forum that may exercise general jurisdiction over the employer – namely its principal place of business or its place of incorporation"); *Speight v. Laboratory Source, LLC*, 2022 WL 1164415, at *10 (E.D.N.C. Apr. 19, 2022) ("[T]he court is unconvinced that this result belongs in the 'parade of horribles that [plaintiff] conjure[s] up,' as *Bristol-Myers* itself recognized that the solution for the plaintiffs before it was to 'join[ ] together in a consolidated action in the States that have general jurisdiction over [Bristol-Myers Squib].'") (citations omitted).

Further, Plaintiff's argument that applying *BMS* to FLSA collective actions frustrates congressional intent is faulty and incorrect. Congress did not provide any provision for a "nationwide collective action," and certainly did not provide any such "notice" mechanism, but instead simply allowed an action "in any Federal or State court of competent jurisdiction," including a jurisdiction where a court properly could exercise personal jurisdiction over a defendant. If Congress had intended to allow a plaintiff to bring a nationwide FLSA collective action in the jurisdiction of plaintiff's choosing, it would have added a mechanism to do so. As perfectly reasoned by this Court in *Suazo*:

> If Congress intended for nationwide FLSA collective actions to be brought in any judicial district, it could have easily added a provision for nationwide service of process. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 409 (2017) ("Congress' typical mode of providing for the exercise of personal jurisdiction has been to authorize service of process."); *Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 399 (6th Cir. 2021) ("While the FLSA shows no reticence in setting nationwide labor standards, it does not establish nationwide service of process."). The fact that it did not is telling "when juxtaposed with the many other instances in which Congress included nationwide service of process provisions in laws enacted before and after the FLSA's passage in 1938." *Canaday*, 9 F.4th at 399; *see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 106 (1987) ("It would appear that Congress knows how to authorize nationwide service of process when it wants to provide for it. That Congress failed to do so here argues forcefully that such authorization was not its intention.").

*Suazo*, 2023 WL 2949997, at *4; *see Carlson*, 2021 WL 3616786 at *4 (holding argument that opt-ins do not need to serve Rule 4 process and, therefore, do not require state-specific contracts as inapposite as Congress did not authorize nationwide service of process for FLSA claims).

Finally, Plaintiff's argument that the Fifth Amendment controls personal jurisdiction has been addressed by this Court, as well as the Ninth Circuit, and found inapposite. The Ninth Circuit has made clear that Rule 4(k) governs personal jurisdiction in federal courts. *Will Co., Ltd. v. Lee*, 47 F.4th 917, 921 (9th Cir. 2022). While the First Circuit has adopted a novel approach to the personal jurisdiction analysis involving the application of the Fifth Amendment, it is the only Circuit to have done so. *Waters v. Day & Zimmerman NPS, Inc.*, 23 F.4th 84, 94 (1st Cir. 2022). In doing so, the First Circuit held that Rule 4(k) governs service of a summons, not the jurisdiction of the court. *Id.* The Ninth Circuit has recognized that this is a controversial reading of Rule 4(k)(1)(A) and, on multiple occasions, has refused to follow the First Circuit's approach.

Plaintiff has failed to cite to any case in the Ninth Circuit has followed the First Circuit's

reasoning. Instead, Plaintiff cites *Suazo* which, in a footnote, states that the First Circuit's reasoning is "controversial" and notes that its approach is directly at odds with Ninth Circuit precedent. *Suazo*, 2023 WL 2959997, at *3 n.1. Other courts in this Circuit have held that the First Circuit (and Plaintiff's) interpretation would "encourage gamesmanship" in federal court because "different FLSA plaintiffs would face different jurisdictional standards depending on whether they sue as named plaintiffs or opted in later." *Wilkerson*, 637 F. Supp. 3d at 729-730 (citing *Carlson,* 2021 WL 3616786, at *4). Courts in other circuits also have found the First Circuit's interpretation unsupported. *Bethel v. Bluemercury, Inc.*, 2022 WL 3594575, at *9 n.10 (S.D.N.Y. Aug. 22, 2022) (noting "the relative lack of caselaw supporting the First Circuit's reading of Rule 4(k)(1)(A)"). This Court should not go against previous Ninth Circuit precedent and should not hold that the Fifth Amendment, instead of Rule 4(k), controls personal jurisdiction.

Plaintiff has not offered any reason that *BMS* would not control this Court's approach to assessing personal jurisdiction over Defendant. Plaintiff instead asks the Court to focus on a faulty, "end of the world" argument that is not persuasive. Further, the Court should reject Plaintiff's alternative argument that the Fifth Amendment, and not Rule 4(k), controls personal jurisdiction because it runs directly counter to Ninth Circuit precedent. As such, this Court should apply the ruling in *BMS* its consideration of personal jurisdiction over Defendant for purposes of Plaintiff's nationwide FLSA collective action claims and should dismiss or strike Plaintiff's nationwide claims.

### 2. This Court Cannot Exercise Pendent Personal Jurisdiction Over Defendant For Claims That Did Not Arise Or Do Not Relate To Its Contacts With This State

Plaintiff argues that, even if this Court applies *BMS* and therefore finds that he failed to demonstrate any basis for exercising personal jurisdiction over Defendant with respect to his nationwide FLSA collective action, the Court should exercise "pendent personal jurisdiction" over Defendant, as supposedly made possible by *Action Embroidery Corp v. Atlanta Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). (*See* ECF No. 30 at 9.) However, this Court, as well has multiple other courts in the Ninth Circuit, have refused to exercise so-called "pendent personal jurisdiction" in the context of FLSA

claims and in other contexts.[2]

As an initial matter, multiple courts have rejected the notion that any federal rule or statute provides a basis for exercising "pendent personal jurisdiction." Indeed, recognizing such an independent basis for personal jurisdiction would run directly afoul of *BMS*, as well as other rulings by the U.S. Supreme Court. *See Suazo*, 2023 WL 2949997, at *5 (holding that there is no basis in the federal rules or statutes supporting pendent personal jurisdiction and that it would be difficult reconciling doing so with the holding in *BMS*); *see also Wallenstein v. Mondelez International, Inc.*, 2023 WL 3102555 (N.D. Cal. Apr. 25, 2023) (refusing to exercise pendent personal jurisdiction over a plaintiff's New York claims as it would render *Bristol-Myers* meaningless).

Further, even if the Court could exercise "pendent personal jurisdiction" generally, such doctrine does not apply here. In *Action Embroidery Corp.*, 368 F.3d at 1180, the court recognized that "personal jurisdiction must exist for each claim asserted against a defendant." It noted that pendent personal jurisdiction is "typically found where one or more federal claims for which there is nationwide personal jurisdiction are combined in the same suit with one or more state or federal claims for which there is not nationwide personal jurisdiction." *Id.* at 1180-81. The court exercised such jurisdiction only because it established personal jurisdiction over the defendant for purposes of plaintiff's antitrust claims, for which Congress authorized nationwide service of process, and found that the California state-law claims arose "out of a common nucleus of operative facts" with those federal claims in the same suit. *Id.*

Unlike the antitrust statute at issue in *Action Embroidery*, the FLSA does not authorize nationwide service of process. Thus, Ninth Circuit has not endorsed pendent personal jurisdiction in this context. There is no basis for exercising personal jurisdiction over Defendant for purposes of Plaintiff's nationwide claims in the first instance, therefore, the Court need not even reach the question of "pendant personal jurisdiction" for any supposed related state law claims that arise from a common nucleus of operative facts. As such, multiple courts in this Circuit have refused to exercise personal pendent jurisdiction in this context. *See Carlson*, 2021 WL 3616786 at *4 (holding that pendent personal jurisdiction does not apply as the Ninth Circuit has never endorsed using pendent personal jurisdiction to

---

[2] Plaintiff, confusingly, cites to *Suazo*, a case in which this Court held that there was no basis in federal rules or statutes to support the use of pendent personal jurisdiction in the context of FLSA claims.

extend a court's personal jurisdiction to reach claims asserted by a separate plaintiff).

Plaintiff's citation to *Chavez v. Stellar Management Group VII, LLC*, 2020 WL 4505482 (N.D. Cal. Aug. 5, 2020), is unpersuasive. Specifically, as detailed above, multiple courts have examined the *Chavez* ruling and refused to follow it. Importantly, in *Chavez,* the court noted that other cases, such as *In Re Packaged Seafood Products Antitrust Litigation*, 338 F. Supp. 3d 1118 (S.D. Cal. Sep. 5, 2018), and *Sloan v. General Motors LLC*, 287 F. Supp. 3d 840, 858 (N.D. Cal. Feb. 7, 2018), the court found that "pendent personal jurisdiction may be exercised where, as here, a federal statute provides for nationwide service of process." *Id.* at n.7. Yet, despite directly citing those cases, the court still exercised pendent personal jurisdiction while ignoring that the FLSA does not provide for nationwide service of process. *Id.* In the years since this decision, when examined, this Court, as well as other courts in this Circuit, have noted that the reasoning used in *Chavez* is incorrect. This is not an example of any proper exercise of pendent personal jurisdiction, even assuming it exists, but, rather, an incorrect reading of authority and statutory law.

There is no basis in the federal rules or statutes for the exercise of pendent personal jurisdiction in this context. The Ninth Circuit has not endorsed doing so. Only one district court in the Ninth Circuit exercised pendent personal jurisdiction in this context and, in doing so, the court expressly recognized that the cases it relied upon only did so when the federal statute at issue provided for nationwide service of process, yet still decided to exercise pendent personal jurisdiction against that authority. This Court, and multiple courts in the Ninth Circuit, have examined that ruling and refused to follow it. As such, there is no basis for this Court to exercise pendent personal jurisdiction over defendant in regard to the nationwide claims asserted by Plaintiff here.

**B.   Plaintiff Has Failed To Allege Facts To Support Any Cause Of Action**

Plaintiff's Second Amended Complaint contains no factual allegations supporting any of his causes of action. Instead, the Second Amended Complaint is replete with recitations of the applicable legal standard followed by sweeping conclusions. Plaintiff, therefore, has failed to meet the standards set forth in *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), and other case law, and these claims must be dismissed.

### 1. Plaintiff's Conclusory Allegations Regarding Overtime Payments Fail To Support His FLSA And Overtime Claims

Plaintiff's argument that his conclusory allegations that he regularly worked more than 40 hours a week, that Defendant failed to compensate him for the overtime worked, and even that he allegedly worked over 40 hours during a specific workweek do not pass muster. Plaintiff's mere allegations that he "regularly" worked over eight hours per day or over 40 hours per week fall below the Rule 8 pleading standard. (ECF No. 18, ¶¶ 7, 8.) While Plaintiff might have identified a single workweek during which he allegedly worked over 40 hours and was not compensated, he fails to provide a multitude of other information.

The court in *Landers* noted that, while identifying a specific workweek assists in the "plausibility" of the claim, the inquiry is otherwise "context-specific" and a plaintiff may establish a plausible claim by estimating the length of her average workweek, the average rate at which she was paid, the amount of overtime wages owed, and other facts that permit plausibility. *Landers*, 772 F.3d at 645. Since that ruling, multiple courts, including this one, have held that conclusory allegations, such as allegations that a plaintiff "regularly" worked over 40 hours a week, with no further detail, fall short of the necessary pleading standards. *See, e.g., Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1007-08 (N.D. Cal. Mar. 22, 2016) ("*Landers* clarifies that mere conclusory allegations that class members 'regularly' or 'regularly and consistently' worked more than 40 hours per week—without any further detail—fall short of *Twombly/Iqbal*"); *Perez v. DNC Parks & Resorts at Sequoia,* 2020 WL 4344911, at *8 (E.D. Cal. July 29, 2020) (finding similar allegations insufficient under the FLSA).

Even with the allegation identifying a single workweek for which Plaintiff alleges he was not paid overtime, the Second Amended Complaint does not pass muster. Plaintiff has failed to identify the rates at which he was paid or estimate the amount of overtime wages owed. Allegations that only raise the possibility of under-compensation are insufficient. *Landers*, 771 F.3d at 646. These deficiencies alone necessitate the dismissal of this claim. Plaintiff's citation to *Schlinsky v. Action Video Prods.* and *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, two cases decided before the standard established in *Landers*, does not change this analysis. While Plaintiff is not expected to provide "granular detail" or calculations, he is expected to provide more than conclusory allegations to support that his claims are

plausible.

Accordingly, Plaintiff's overtime-related claims fail to satisfy the requirement set forth in *Landers* and, therefore, both causes of action should be dismissed without leave to amend. *See Barajas v. Blue Diamond Growers Inc.*, No. 1:20-CV-0679, 2023 WL 2333548, at *11, 15 (E.D. Cal. Mar. 2, 2023); *see also Perez*, 2020 WL 4344911, at *8.

### 2. Plaintiff's Allegation Regarding A Meal Period And Rest Period Policy Is Still Insufficient

Plaintiff argues that, because he alleges that Defendant did not have a policy in place to allow for meal periods or rest periods for Management Trainees, he has sufficiently alleged meal and rest break claims. However, Plaintiff's allegation regarding Defendant's meal and rest period policy is still insufficient. The court in *Bellinghausen v. Tractor Supply Co.*, 2014 WL 465907, noted that the allegations regarding the meal break policy was sufficient because of an absence of a *local* meal and rest break policy. *Id.* at *4. The court reasoned that without a local break policy, and without any posting of any other information regarding meal breaks, it was plausible to infer that the employer did not authorize lawful breaks. *Id.* The same cannot be said of Plaintiff's current allegations regarding Defendant's national policy.

In addition to the failure to allege a local policy and any other facts regarding that local policy, Plaintiff does not allege the day or days he allegedly worked a meal- or rest-break-eligible shift, the time period and location of any break-eligible shift, the break he allegedly missed (*e.g.*, first or second meal period or first, second, or third rest period), or whether he notified anyone of a missed break. Because Plaintiff must show in the Second Amended Complaint reasons why Plaintiff or any putative class member may be entitled to relief for his or her purportedly missed meal and rest breaks, the Third and Fourth Claims must be dismissed. *See Alvarado v. Amazon.com, Servs. LLC*, 2022 WL 899850, at *2 (dismissing plaintiff's "failure to provide required rest and meal periods" claims where he failed to "allege a specific [defendant] corporate policy prohibiting those breaks or a specific instance or instances in which he was denied a required break"); *Suarez v. Bank of Am. Corp.*, No. 18-CV-01202, 2018 WL 2431473, at *6 (N.D. Cal. May 30, 2018) (dismissing meal and rest period claims where plaintiff contended she "almost never received an uninterrupted meal period or rest break while

working" for defendant but did "not identify who interrupted Plaintiff's breaks … [or] offer any details as to what these interruptions entailed, nor [did] she describe what kind of work or tasks she performed during her breaks"); *Lopez v. Wendy's Int'l, Inc.*, No. 11-CV-275, 2011 WL 6967932, at *5 (C.D. Cal. Sept. 19, 2011) (dismissing a plaintiff's claims for unpaid meal and rest break premiums where her "allegations indicate only that Wendy's locations were busy and/or understaffed, and that she was ordered to complete her assigned tasks" but "she [did] not allege that managers gave her these orders knowing that they would result in missed meal or rest breaks, that they were given to her as she prepared to take a break, or that they were associated in any other way with her meal and rest breaks" or "that she requested a break that was denied or that supervisors told her the restaurant was too busy for breaks to be taken").

### 3. Plaintiff Has Failed To Adequately Plead A Claim For Inaccurate Wage Statements

Plaintiff provides no allegations in his Second Amended Complaint supporting his claim for inaccurate wage statements. Plaintiff does not assert *any* facts to demonstrate what purported inaccuracies existed in Plaintiff's wage statements at the time Defendant allegedly issued them or provide any examples of any inaccurate wage statements allegedly furnished by Defendant. Plaintiff offers no facts demonstrating that Defendant purposefully omitted information from a wage statement, misrepresented time or pay data on a wage statement, or knew information contained in Plaintiff's wage statement was false and chose not to correct it. Thus, he has failed to sufficiently plead facts regarding the requisite knowing and intentional violation of Section 226. *See Byrd v. Masonite Corp.*, No. 16-CV-35, 2016 WL 756523, at *3 & n.11 (C.D. Cal. Feb. 25, 2016) (dismissing Labor Code § 226(a) claim where plaintiff could not identify a "single deficient wage statement" and alleged in conclusory fashion that "Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.").

Plaintiff's allegation that there was a "policy and practice" of failing to account for overtime hours is not sufficient to satisfy the "knowing and intentional" argument. *Dawson v. Hitco Carbon Composites, Inc.*, No. 16-CV-7337, 2017 WL 7806358, at *6 (C.D. Cal. May 5, 2017) (dismissing a §

226 claim where plaintiff "offer[ed] nothing more than a single conclusory statement that Defendant 'intentionally and willfully' failed to provide accurate wage statements" and the pleading lacked "facts to support the inference that Defendant was aware of the information required on a wage statement as it pertained to Plaintiff and the putative class, but intentionally chose to omit it").

Additionally, Plaintiff's allegations that this claim is sufficiently pled because it is derivative of other wage and hour claims is also unpersuasive. As detailed above, Plaintiff's claims for FLSA violations, overtime violations, and meal break and rest break violations are not sufficiently pled. As such, this claim cannot be derivative of those claims. As such, Plaintiff's claim must be dismissed.

### 4. Plaintiff's Claim for Untimely Payment Of Wages Is Not Sufficiently Pled And Cannot Be Derivative Of His Other Claims

The only support Plaintiff proffers for his Sixth Claim is a conclusory statement that Defendant "failed to pay Plaintiff and members of the California Class in a timely manner all of their wages earned." (ECF No. 18 ¶ 117.) Plaintiff does not allege the date of any purportedly untimely payment, the amount of time by which any such payment was late, the amount of wages that he claims Cintas allegedly belatedly paid, or the actual amounts of the untimely payments made to Plaintiff and/or to any member of the putative class. This Claim must be dismissed. *See Hall v. W. Ref. Retail, LLC*, No. 5:19-CV-00855, 2020 WL 3891453, at *9 (C.D. Cal. Apr. 24, 2020) (dismissing a § 204 claim where the plaintiff's amended pleading did "not contain any allegations that Defendant failed to establish two regular pay dates for each month"); *De La Torre v. Am. Red Cross*, No. 13-CV-04302, 2013 WL 5573101, at *5 (C.D. Cal. Oct. 9, 2013) (dismissing plaintiff's § 204 claim where "Plaintiff [did] not allege that Defendants did not maintain two regular pay days each month").

Additionally, as detailed above, Plaintiff cannot rest on the argument that this claim is sufficiently pled because it is derivative of his other claims. Those claims are not sufficiently pled.

### 5. Plaintiff Failed To Allege That Any Supposed Failure To Pay Plaintiff Was Willful

Section 203 of the Labor Code penalizes an employer that "willfully . . . fails to pay . . . any wages of an employee who is discharged or who quits" due at termination. To adequately state a waiting time penalties, Plaintiff must "identify what wages were earned and unpaid at the time of [his] termination and how and in what manner a final wage payment was untimely." *Jeske v. Maxim*

*Healthcare Servs.*, No. 11-CV-1838, 2012 WL 78242, at *6 (E.D. Cal. Jan. 10, 2012). Allegations that merely recite the statutory language of the Labor Code are too conclusory to put a defendant on notice of any wrongdoing and therefore fail to state a claim as a matter of law. *Hines v. Constellis Integrated Risk Mgmt. Servs.*, No. 20-CV-6782, 2020 WL 5764400, at *6 (C.D. Cal. Sept. 25, 2020).

Additionally, Plaintiff's argument that merely pleading that the payment was "willful" is insufficient. That is not the only fact that need to be alleged. Plaintiff must also allege whether he was terminated or resigned from employment. He has not done so. *See McGhee v. Tesoro Ref. & Mktg. Co. LLC*, 440 F. Supp. 3d 1062, 1072 (N.D. Cal. 2020). As such, this claim must be dismissed.

### 6. Plaintiff's UCL Claim Cannot Be Sufficiently Pled On The Basis Of Plaintiff's Other Claims

Plaintiff alleges that his UCL claim is sufficiently pled as it is derivative of his other claims. However, as detailed above, Plaintiff's underlying claims are also not sufficiently pled. As such, Plaintiff's claim for UCL must be dismissed. *See Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1034 (C.D. Cal. 2017) (dismissing UCL claim as derivative of the plaintiff's remaining Labor Code claims that were also subject to dismissal).

### 7. Plaintiff's Claims Should Be Dismissed Without Leave to Amend

Plaintiff argues that, if this Motion to Dismiss is granted, he should be granted leave to amend. A court should not grant leave to amend if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Plaintiff has had sufficient opportunity to provide the factual allegations needed to support his claim and has failed to do so as no other facts exist. As such, this Court should not grant leave to amend.

///
///
///
///
///
////

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss or strike Plaintiff's nationwide collective action claims in his First Cause of Action. Additionally, and alternatively, Defendant respectfully requests that this Court dismiss Plaintiff's First Cause of Action, as well as his remaining Causes of Action due to his failure to state a claim, without leave to amend.

Dated: February 13, 2024          **DUANE MORRIS** LLP

By: */s/Nathan K. Norimoto*
    Gerald L. Maatman (*pro hac vice*)
    Jennifer A. Riley (*pro hac vice*)
    Shireen Yvette Wetmore
    Nick Baltaxe
    Nathan K. Norimoto
    Attorneys for Defendant
    CINTAS CORPORATION