UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH SCOTT,<br><br>   Plaintiff,<br><br> v.<br><br>CINTAS CORPORATION,<br><br>   Defendant. | Case No. 3:23-cv-05764-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 22 |

Isaiah Scott, a former Management Trainee at Cintas Corporation ("Cintas"), alleges Cintas violated the Fair Labor Standards Act ("FLSA") as well as several California Labor Code provisions. Scott brings a putative class action against Cintas, seeking to represent a class of "all current and former [Management Trainees] who worked for Defendants anywhere in the United States." (Dkt. No. 1 ¶ 1.)[1] Now pending before the Court is Cintas's motion to dismiss or strike Plaintiff's putative nationwide collective action claim on the grounds the Court lacks personal jurisdiction over non-California employees and Cintas's motion to dismiss all other claims under Federal Rules of Civil Procedure 12(b)(6). Having carefully considered the briefing, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS Cintas's motion to dismiss with leave to amend. Cintas's motion to strike non-California individuals for lack of personal jurisdiction is premature, as, at present, no non-California plaintiffs have opted-in to this case. However, at present, the complaint fails to allege sufficient facts to state any claim.

//

//

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**COMPLAINT ALLEGATIONS**

Scott is "an adult individual residing in San Jose, California." (Dkt. No. 18 ¶ 5.) "Cintas is a corporation, organized and existing under the laws of Washington, with its corporate headquarters in Mason, Ohio." (*Id.* ¶ 10.)

"Plaintiff was employed by Defendants as" a Management Trainee in California "from approximately October 2020 until approximately January 2022." (*Id.* ¶ 6.) When he was working as a Management Trainee, "Plaintiff regularly worked nine to ten hours, or more, per day, and 45 to 55 hours, or more, per week." (*Id.* ¶ 7.) "For example, during the week of December 7, 2020, Plaintiff worked approximately 55 hours, if not more." (*Id.* ¶ 8.)

"Defendants classified Plaintiff" and other Management Trainees as exempt from federal and state overtime pay requirements." (*Id.* ¶ 29.) "Defendants failed to pay Plaintiff and the members of the Putative Collective and California Class overtime compensation for any of the time worked in excess of eight hours in a workday and 40 hours in a workweek." (*Id.* ¶ 32.)

"Defendants do not have a policy or practice of providing meal periods" to California Management Trainees. (*Id.* ¶ 97.) Similarly, "Defendants do not have a policy or practice of providing rest periods to members of the California Class." (*Id.* ¶ 105.)

**DISCUSSION**

**I.     LEGAL STANDARDS**

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction," under Federal Rules of Civil Procedure 12(b)(2), "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). To meet that burden, Plaintiff need only "make a prima facie showing of personal jurisdiction." *Id.* (cleaned up.) Federal Rules of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Dismissal under Federal Rules of Civil Procedure 12(b)(6) "may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal

quotation marks and citation omitted).  In assessing a Rule 12(b)(6) motion to dismiss "[a]ll allegations of material fact are taken as true and construed in the light most favorable to" Plaintiff but the Court "need not . . . accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (cleaned up).

## II. MOTION TO STRIKE FLSA CLAIMS OF NON-CALIFORNIA PUTATIVE CLASS MEMBERS

Plaintiff's first cause of action alleges a violation of the FLSA.  Plaintiff brings this action "on behalf of himself and the 'Putative Collective,' which includes all current and former [Management Trainees] who worked for Defendants anywhere in the United States from November 8, 2020 to the date of final judgment who opt into this action pursuant to the FLSA." (Dkt. No. 18 ¶¶ 1, 70.)   Cintas moves under Federal Rules of Civil Procedure 12(b)(2) and 12(f) to dismiss or strike Plaintiff's collective action claims asserted by individuals outside of California because Plaintiff has not met his burden of showing the Court may exercise personal jurisdiction over Cintas for those claims.

The FLSA provides for collective actions, explaining:

> An action . . . may be maintained against any employer . . . in any Federal or State court . . . by any one or more employees for and in behalf [sic] of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.A. § 216(b).  The FLSA therefore provides for a "collective action." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1101 (9th Cir. 2018). "A collective action is instituted when workers join a collective action complaint by filing opt-in forms with the district court." *Id.*  Those "[o]pt-in plaintiffs are parties to the collective action." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1099 (9th Cir. 2018)

At this point in the litigation, however, the only individual who is a plaintiff is Isaiah Scott, who worked for Cintas only in California.  (Dkt. No. 18 ¶ 5.)  "[P]rior to class certification, a defendant does 'not have "available" a Rule 12(b)(2) personal jurisdiction defense to the claims of

1  unnamed putative class members who [a]re not yet parties to the case.'" *Owino v. CoreCivic, Inc.*,
2  60 F.4th 437, 446–47 (9th Cir. 2022) (quoting *Moser v. Benefytt, Inc.*, 8 F.4th 872, 877 (9th Cir.
3  2021)), *cert. denied*, 143 S. Ct. 2612 (2023). So, a defendant cannot "move[] to dismiss on
4  personal jurisdiction grounds the claims of putative class members who were not then before the
5  court," as a defendant is not required to "seek dismissal of hypothetical future plaintiffs." *Moser*
6  *v. Benefytt, Inc.*, 8 F.4th 872, 878 (9th Cir. 2021)

Granted, a collective action is not exactly the same procedurally as a class action. *See Campbell*, 903 F.3d at 1101 ("Collective actions and class actions are creatures of distinct texts—collective actions of section 216(b), and class actions of Rule 23—that impose distinct requirements."). But, the same animating forces apply here—Cintas is moving to dismiss the claims of hypothetical future plaintiffs. Cintas's motion is therefore premature, and the Court declines the address the issue now.

### III. MOTION TO DISMISS UNDER RULE 12(B)(6)

#### A. Overtime Claims under FLSA and California Labor Code

Plaintiff's first cause of action alleges violations of the FLSA overtime pay requirements, 29 U.S.C. § 201 *et seq.*. Plaintiff's second cause of action alleges violations of the California Labor Code's overtime pay requirements, Cal. Lab. Code §§ 510, 558, and 1194; Cal. Code Regs. Tit. 8 § 11040. Cintas moves to dismiss both of Plaintiff's overtime claims because "Plaintiff's conclusory allegations that he 'regularly' worked over eight (8) hours per day or over forty (40) hours per week fall below the Rule 8 pleading standard" and Plaintiff "does not allege anywhere. . . . whether he was paid on an hourly or salary basis or how much unpaid overtime he claims he purportedly is entitled to." (Dkt. No. 22 at 18.)

"The FLSA sets a national minimum wage . . . and requires overtime pay of one and a half times an employee's hourly wage for every hour worked over 40 hours in a week," unless an exception applies. *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 640 (9th Cir. 2014), *as amended* (Jan. 26, 2015) (quoting *Probert v. Family Centered Servs. of Alaska, Inc.*, 651 F.3d 1007, 1009–10 (9th Cir. 2011); *see also* 29 U.S.C. § 206(a)(1) (minimum wage); 29 U.S.C. § 207(a)(1) (overtime). The California Labor Code provides for similar requirements. *See* Cal. Lab.

4

1    Code § 510.

2          In *Landers*, the Ninth Circuit applied Federal Rules of Civil Procedure 8 to FLSA claims, holding "in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id.* at 644-45. The court explained "[a]lthough plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id.* at 646 (quoting *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)). Though *Landers* concerned the FLSA, district courts in the Ninth Circuit also apply its requirements to California Labor Code violations. *See Cortez v. United Nat. Foods, Inc.*, No. 18-CV-04603-BLF, 2019 WL 955001, at *12 (N.D. Cal. Feb. 27, 2019) (citing cases).

      The complaint does not meet the requirements set forth by *Landers*. While Plaintiff has identified at least one week, the week of December 7, 2020, when Plaintiff worked over 40 hours (Dkt. No. 18 ¶ 8), Plaintiff fails to plead any other facts regarding the alleged overtime work. *Landers* explains:

> A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility.

*Landers*, 771 F.3d at 645. Plaintiff alleges "Defendants failed to pay Plaintiff . . . overtime compensation" for every hour worked over 40 hours in that week. (*Id.* ¶ 32.) While Plaintiff alleges Cintas "failed to pay Plaintiff . . . the overtime wages" he was entitled to under the FLSA (*Id.* ¶ 77), and California Labor Code (*Id.* ¶ 88), such legal conclusions are not presumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[M]ere conclusions, are not entitled to the assumption of truth."). Plaintiff does not allege "the average rate at which [he] was paid" or "the amount of overtime wage [he] believes [he] is owed," or any other facts that would permit the Cour to find plausibility. While Plaintiff need not "approximate the number of hours worked

5

without compensation" or the amount he believes he is entitled to, he must allege some facts to plausibly support the inference he was not paid at an overtime rate for any hours worked over the 40-hour workweek.

So, Defendant's motion to dismiss Plaintiff's first and second cause of action is GRANTED. Plaintiff's claims for overtime compensation under the FLSA and California Labor Code are DISMISSED WITH LEAVE TO AMEND.

### B. Unpaid Meal and Rest Break Claims

Plaintiff's third cause of action alleges Cintas failed to provide meal breaks for California workers in violation of Cal. Labor Code §§ 226.7, 512, and 1194, and Cal. Code Regs. Tit. 8 § 1104. Plaintiff's fourth cause of action alleges Cintas failed to provide rest breaks for California employees in violation of Cal. Labor Code §§ 226.7 and 1194, and Cal. Code Regs. Tit. 8 § 11040. Cintas moves to dismiss these causes of action, asserting Plaintiff alleges "only conclusions" and the complaint contains "no facts . . . suggesting that Cintas failed to provide breaks or engaged in any conduct to prevent or discourage Plaintiff from taking his breaks." (Dkt. No. 22 at 19.)

Plaintiff has not plausibly pled violations of California's meal and rest break requirements. Plaintiff pleads Cintas does not have a "policy or practice" of providing meal period or rest periods. (Dkt. No. 18 ¶¶ 97, 105.) However, "Plaintiff's failure to plead at least one occasion on which he was impeded from taking a break" does not comply with *Landers*. *Cortez v. United Nat. Foods, Inc.*, No. 18-CV-04603-BLF, 2019 WL 955001, at *10 (N.D. Cal. Feb. 27, 2019) (citing *Landers*, 771 F.3d at 646); *see also Kabasele v. Ulta Salon, Cosms. & Fragrance, Inc.*, No. 2:21-CV-01639-WBS-CKD, 2022 WL 229856, at *1 (E.D. Cal. Jan. 26, 2022) (explaining "[i]n the meal and rest break context, courts applying *Landers* require plaintiff to plead at least one specific instance where he or she personally experienced a missed meal or rest period," and collecting cases) (cleaned up).

Plaintiff identifies this Court's opinion in *Bellinghausen v. Tractor Supply Co.*, when the Court explained pleading a defendant lacked a meal and rest break policy can make it "plausible to infer that without a break policy . . . Defendant did not authorize breaks, and therefore breaks were

6

1  not provided, as required by the Labor Code." No. C-13-02377 JSC, 2014 WL 465907, at *1
2  (N.D. Cal. Feb. 3, 2014). *Bellinghausen* was decided before *Landers*. Moreover, in *Bellingausen*,
3  the plaintiff—who worked in an "hourly position"—alleged the defendants had a "policy and
4  practice" of "discouraging[] and dissuading" the plaintiff from taking meal or rest breaks and
5  "regularly understaffed its stores so even if" the plaintiff "wanted to take a meal break," or a rest
6  break, he was "unable to do so." *Id.* The plaintiff further alleged he missed meal periods and the
7  defendant failed to schedule his rest breaks. *Id.* While Plaintiff has alleged Cintas had no policy
8  in place for meal and rest breaks for Management Trainees, and alleges such employees were
9  classified (allegedly incorrectly) as exempt from meal and rest break requirements, Plaintiff has
10 not alleged any facts about how that lack of a policy affected him.

11 So, the Defendant's motion to dismiss these claims is GRANTED. Plaintiff's meal and
12 rest break claims are DISMISSED WITH LEAVE TO AMEND.

### C. Inaccurate Wage Statements

14 Plaintiff's fifth cause of action alleges Cintas failed to furnish accurate itemized wage
15 statements for its California Management Trainees, violating California Labor Code §§ 226,
16 226.3, 1174, and Cal. Code Regs. Tit. 8 § 11040. Under California law, "[e]mployers must
17 provide itemized wage statements to employees containing specified information, including wages
18 earned and hours worked" under California Labor Code § 226(a). *Kao v. Holiday*, 12 Cal. App.
19 5th 947, 960 (2017) (citing Cal. Lab. Code, § 226(a).). Section 226(e) requires the employer's
20 failure to comply with the requirements listed in section 226(a) to be "knowing and intentional" to
21 afford relief—the violations cannot be the result of "an isolated and unintentional payroll error due
22 to a clerical or inadvertent mistake." Cal. Lab. Code § 226(e)(1), (3).

23 As Plaintiff points out, this claim is derivative of Plaintiff's previous claims—if Defendant
24 did not properly compensate Plaintiff for his overtime hours or meal or rest breaks, then Plaintiff's
25 wage statements were necessarily inaccurate as well. *See Johnson v. Q.E.D. Env't Sys. Inc.*, No.
26 16-CV-01454-WHO, 2016 WL 4658963, at *4 n.1 (N.D. Cal. Sept. 7, 2016) ("Because Johnson
27 sufficiently alleges his first two claims for missed meal and rest breaks and failure to pay
28 overtime, and Johnson's third claim for failure to provide accurate written wages is derivative of

7

1  his first two claims, QED's motion to dismiss the third claim is DENIED."); *Robbins v. Phillips*

2  *66 Co.*, No. 18-CV-00292-RS, 2018 WL 11283533, at *3 (N.D. Cal. Apr. 12, 2018) ("The

3  [complaint's] allegations do support a plausible inference that Robbins was denied meal and rest

4  periods and not paid wages he was owed. Accordingly, his derivative claims are viable as well.").

5  Plaintiff does not assert the wage statements were incorrect for any reason other than any

6  inaccuracies caused by Cintas's allegedly failing to compensate Plaintiff for overtime hours or

7  meal or rest breaks.  So, because Plaintiff fails to plausible plead an overtime violation or meal or

8  rest break violations, this claim is DISMISSED WITH LEAVE TO AMEND.

### D. Untimely Payment of Wages

10  Plaintiff's sixth cause of action alleges Cintas failed to timely pay its California

11  Management Trainees' wages, in violation of Cal. Labor Code §§ 204, 210. California Labor

12  Code § 204(a) requires "[a]ll wages" earned by an employee "are due and payable twice during

13  each calendar month."  California Labor Code § 210 provides for a private right of action to

14  enforce § 204(a), allowing an employee to recover statutory penalties for violations.

15  Defendant moves to dismiss this cause of action because "Plaintiff does not allege the date

16  of any purportedly untimely payment, the amount of time by which such payment was late, the

17  amount of wages that he claims Cintas allegedly belatedly paid, or the actual amounts of the

18  untimely payments made to Plaintiff." (Dkt. No. 22 at 21.)  Plaintiff maintains "because

19  Defendant failed to pay Plaintiff and California Class Members overtime wages and meal and rest

20  break premiums, they were not paid for *all* wages earned at the intervals required by Cal. Lab.

21  Code § 204(a)." (Dkt. No. 30 at 23.)  As support for this contention, Plaintiff cites to *Huynh v.*

22  *Jabil Inc.*, No. 22-CV-07460-WHO, 2023 WL 1802417, at *4 (N.D. Cal. Feb. 7, 2023).  But the

23  court in *Huynh* dismissed *Huynh*'s section 204 claim, citing "decisions of other judges in this

24  District for the proposition that a plaintiff cannot assert a section 204 claim based only on alleged

25  'underpaid wages.'"  *Id.* (citing *Carter v. Jai-Put Enter. Inc.*, No. 18-CV-06313-DMR, 2020 WL

26  3545094, at *10 (N.D. Cal. June 30, 2020) (rejecting a section 204 claim because "a violation of

27  section 204 cannot be premised solely on the claim that an employer underpaid wages"); *Frausto*

28  *v. Bank of Am., Nat'l Ass'n*, No. 18-CV-01983-MEJ, 2018 WL 3659251, at *10 (N.D. Cal. Aug. 2,

1    2018) (explaining section 204 "simply regulates the timing of wage payments and does not

2    provide for the payment of any particular type of wages or create any substantive right to

3    wages")).

4        Plaintiff does not respond to this argument; nor does he allege Cintas failed to pay him on

5    the required twice monthly scheduled.  So, Defendant's motion is GRANTED and Plaintiff's

6    claim Cintas failed to timely pay its California Management Trainees' wages, in violation of Cal.

7    Labor Code §§ 204, 210 is DISMISSED WITH LEAVE TO AMEND.

        **E.**    **Waiting Time Penalties**

9        Plaintiff's seventh cause of action alleges Cintas failed to pay all wages upon termination

10   to its former California Management Trainees in violation of California Labor Code §§ 201, 202,

11   203, and 256.  California Labor Code § 201 provides for immediate payment for wages for those

12   employees who are "discharge[d]."  Cal. Lab. Code § 201.  California Labor Code § 202 provides

13   for the payment of wages within 72 hours for employees who "quit[]."  Cal. Lab. Code § 202.

14   California Labor Code § 203 provides a private right of action for both sections, explaining "[i]f

15   an employer willfully fails to pay. . . in accordance with Sections 201" or "202 . . . any wages of

16   an employee who is discharged or who quits," the employee can seek waiting time penalty

17   payments.  Cal. Lab. Code § 203.

18       Defendant contends this claim must be dismissed because Plaintiff "declines to allege that

19   he resigned or that Cintas allegedly terminated his employment to entitle him to waiting time

20   penalties."  (Dkt. No. 22 at 21.)  Plaintiff alleges "Plaintiff was employed by Defendants as" a

21   Management Trainee in California "from approximately October 2020 until approximately

22   January 2022."  (Dkt. No. 18 ¶ 6.)  Plaintiff's allegation permits the plausible inference he was

23   either "discharged" or "quit[]" in January 2022, but does not identify *whether* he was discharged

24   or quit.  Plaintiff can therefore pursue a claim for either a section 201 violation or a section 202

25   violation, but not both.  *See McGhee v. Tesoro Ref. & Mktg. Co. LLC*, 440 F. Supp. 3d 1062, 1072

26   (N.D. Cal. 2020).

27       Because Plaintiff fails to allege whether he was discharged or quit, Defendant's motion to

28   dismiss this claim is GRANTED.  Plaintiff's waiting time penalties claim is DISMISSED WITH

LEAVE TO AMEND.

### F. Violation of the UCL

Plaintiff's eighth cause of action alleges Cintas violated California's Unfair Competition Law ("UCL"), Cal. Business & Professions Code §§ 17200 *et seq.* The UCL defines unfair competition as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code, § 17200. Because the statute "is written in the disjunctive, it establishes three varieties of unfair competition" and each is a basis for liability. *Cel-Tech Comm'n, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (citation omitted). Plaintiff alleges Cintas violated the "unlawful" prong of the UCL by violating various labor laws (Dkt. No. 18 ¶ 129), and seeks restitution for unpaid wages. (*Id.* ¶ 131.) However, as detailed in this order, the Court finds the underlying violations to be insufficiently pled, and thus the UCL is insufficiently pled as well.

## IV. LEAVE TO AMEND

Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (cleaned up). Because the dismissed claims could be cured through the allegation of additional facts, the Court gives Plaintiff leave to amend the complaint. Plaintiff shall file any amended complaint by April 26, 2024.

//
//
//
//
//
//
//
//
//
//
/

**CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss is GRANTED as to all claims and the Motion to Strike is DENIED without prejudice. Any amended complaint is due on or before April 26, 2024. The Initial Case Management Conference set for April 18, 2024 is continued to May 30 at 1:30 p.m. by Zoom video. A joint case management statement is due May 23, 2024.

This Order disposes of Docket No. 22.

**IT IS SO ORDERED.**

Dated: April 2, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge

11